IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **AUBREY RITCH,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 6:23-cv-130 |
| § | |
| § | **JURY DEMANDED** |
| § | |
| **VAN INDEPENDENT SCHOOL** § | |
| **DISTRICT** § | |
| § | |
| Defendant. § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Aubrey Ritch hereby files this, his Original Complaint, complaining of Defendant Van Independent School District for violating federal law. The causes of action and summary of claims relating thereto are addressed below:

### I.    PARTIES, VENUE AND JURISDICTION

1. Plaintiff Aubrey Ritch ("Plaintiff" or "Ritch") is currently a citizen and resident of Van, Texas.

2. Defendant Van Independent School District ("Defendant" or "Van ISD") is a Texas independent school district which may be served by delivering the summons and complaint to its superintendent, Don Dunn at 549 East Texas St., Van, TX 75790.

3. Venue exists in this district and division as detailed in 28 U.S.C. §1391.

4. Most of the acts alleged herein occurred in Van Zandt County, Texas.

5. This court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §§1331 & 1343.

6. Jurisdiction of this Court is invoked pursuant to Section 107(a) of the Americans with Disabilities Act (hereinafter "ADA"), 42 U.S.C. § 12117, which incorporates by reference § 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5, providing for relief against discrimination on the basis of disability in employment.

7. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. § 2000e-5(f)(3), have occurred or been complied with:

8. A charge of employment discrimination (#450-2022-05750) on the basis of disability was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practice alleged herein.

9. A Notification of Right to Sue was received from the EEOC on or about January 18, 2023.

10. This Complaint has been filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

11. Defendant is a "person" within the meaning of § 101(7) of the ADA, 42 U.S.C. § 12111(7), and § 701 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

12. Defendant has engaged in an industry that affects commerce within the meaning of Section 101(7) of the ADA, 42, U.S.C. § 12111(7), and Section 701 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

13. Defendant employs 15 or more employees and are "employers" within the meaning of Section 101(5)(A) of the ADA, 42 U.S.C. § 12111(5)(A).

### III.    FACTUAL BACKGROUND

14. Plaintiff Ritch was hired by Van ISD as a Mechanic Technician, not a bus driver. When Ritch's duties and responsibilities were explained to him, nothing was ever said about driving a bus route. Ritch's supervisor, Willie Bryant has repeatedly asked him to drive a bus route

and he drove a bus route a few times when he was in a bind.

15. Ritch has been diagnosed with severe Psoriatic Arthritis, a chronic, inflammatory disease of the joints and where tendons and ligaments connect to bone. Ritch provided a letter from his doctor stating his disability. Ritch's disability does not interfere with his duties as a mechanic. When driving a bus, the natural up and down motion of the driver's seat causes severe pain in Ritch's knee joints. Ritch has been prescribed the prescription pain medication Tramadol, at this time, to be taken as needed.

16. Ritch had multiple conversations with his supervisor Bryant regarding the issue of his prescribed pain medication. Ritch repeatedly told Bryant that he took a prescription pain medication and that he did not feel comfortable driving children. Bryant informed Ritch that he didn't care about the prescribed pain medications and demanded he drive a bus route. When Ritch refused, Bryant cut Ritch's hours and told him he was not a team player.

17. Contrary to what he says, Ritch was a team player. Ritch's team, in the garage, and him work very well together and get everything done correctly and timely. Our first priority is now and always has been the safety of the children.

18. In the middle of January 2020, Ritch was in the process of performing a repair to the roof of a bus. Ritch was required to climb up through the emergency hatch on the inside of the bus. In doing so, Ritch twisted his knee.

19. When Ritch went to the doctor and he told him that because of the injury he sustained and his Psoriatic Arthritis, it was time to look at knee replacement surgery. The doctor prescribed Hydrocodone for the pain. In the meantime, Ritch was required to drive a bus route whenever asked. The harassment began a few months after the accident.

20. This situation has caused Ritch a great deal of stress and anxiety. Many nights he stayed awake wondering how he could convince Bryant that forcing him to drive a route under the

influence of a narcotic could put the children in jeopardy.

21. Ritch made an effort many times to explain to Bryant why he could not drive a bus route. One conversation was March 25, 2021, after Ritch had an MRI done on the knee that was injured while trying to repair the roof on a bus. Ritch explained that the doctor told him no ladders or stairs and he prescribed Hydrocodone for the pain, therefore, he was unable to drive a bus route.

22. Another conversation occurred on April 4, 2021. Ritch explained that he was still on Hydrocodone and did not feel comfortable driving children. Bryant said that he was short of drivers and insisted that Ritch drive a bus. Ritch told Bryant that he was not driving a route at this time and was not putting lives in danger, as well as jeopardizing his CDL. Bryant kept saying he needed drivers, and that Ritch was not a team player.

23. Ritch then informed the district that he would undergo knee surgery on September 14, 2021. The district received a doctor's note from William Frederick Phillips., MD, stating that Ritch may return to work on October 12, 2021.

24. On Thursday, January 6, 2022, Ritch met with Danny Morrow. During this meeting, Ritch informed Morrow that he could not drive a school bus for the district because he was taking Hydrocodone and Tramadol as needed for pain. Morrow then explained that Van ISD did not have a doctor's note stating that information and that Ritch would not be allowed to return to work without a medical release from his doctor. On Monday, January 10, 2022, Ritch submitted a medical statement from Chih-Hao Chou, MD, stating that Mr. Ritch could perform his job as a mechanic safely at that time.

25. On Tuesday, January 11, 2022, Morrow informed Ritch that it was in the district's best interest that he no longer work for Van ISD.

## IV. CAUSES OF ACTION

### A. AMERICANS WITH DISABILITIES ACT

26. Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 25 as if fully stated herein.

27. From the time of his diagnosis of Psoriatic Arthritis, Ritch has been an individual with a "disability" within the meaning of Section 3(2) of the Americans with Disabilities Act, 42 U.S.C. § 12102(2). More particularly, Ritch has a physical impairment that substantially limits one or more of his major life activities, has a record of such an impairment, and was regarded by Van ISD as having such an impairment.

28. Plaintiff is a "qualified individual with a disability" as that term is defined in § 101(8) of the ADA, 42 U.S.C. § 12111(8). More specifically, Plaintiff is an individual with a disability who, with reasonable accommodation, can perform the essential functions of his job for Defendants.

29. Defendants terminated Plaintiff because of his actual or perceived disability in violation of the ADA.

30. The effect of these unlawful practices has been to deprive Plaintiff of equal employment opportunities, and to otherwise adversely affect his employment status as an individual with a disability within the meaning of the ADA.

31. The unlawful employment practices complained of above were willful within the meaning of Section 706(g)(1) of Title VII, 42 U.S.C. § 2000e-5(g)(1), as incorporated by Section 107(a) of the ADA, 42 U.S.C. § 12117(a).

32. The unlawful employment practices described above were intentional and were committed with malice or with reckless indifference to the federally protected civil rights of Plaintiff.

### B.    FAMILY MEDICAL LEAVE ACT

33.    Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 25 as if fully stated herein.

34.    Plaintiff has satisfied all jurisdictional prerequisites in connection with his claim under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et. seq.

35.    Defendant is an "employer" as defined by the FMLA in 29 U.S.C. § 2611(4).

36.    During the time that Plaintiff was employed by Defendant, in 2019-2020, he was an "eligible employee" as defined by the FMLA in 29 U.S.C. § 2611(2).

37.    Prior to exhausting the twelve (12) weeks of medical leave allowed under the FMLA (as discussed in 29 U.S.C. § 2612(a)(1)), Defendant terminated Plaintiff's employment for taking this leave.

38.    In the alternative, Defendant retaliated against Plaintiff for taking protected FMLA leave.

39.    As a result of Defendant's violations of the FMLA, Plaintiff has suffered actual damages in the form of lost wages and benefits (past and future), in an amount that has not yet been fully established, but which will be provided at time of trial.

40.    As a result of this willful violation of the FMLA, Plaintiff requests that he be awarded all damages, to which he is entitled, as outlined in 29 U.S.C. § 2617, including, but not limited to, lost wages, salary, employee benefits, and any other compensation denied or lost as a result of the violation, plus interest. In addition, Plaintiff requests liquidated damages equal to the amount of reimbursable compensation described above. Plaintiff also requests any additional equitable relief to which he is entitled.

### C.    TEXAS LABOR CODE §451

41.    Plaintiff would show that Defendant discharged him on or about January 11, 2022

and retaliated against him in violation of § 451.001 of the Texas Labor Code because he reported an on-the-job injury. Plaintiff would show that Defendant would not have terminated his employment when it did, had Plaintiff not engaged in an activity protected under § 451.001 of the Texas Labor Code.

## V. DAMAGES

42. As a direct and proximate result of Van ISD's discrimination on the basis of disability and violation of the ADA, and/or Chapter 21 of the Texas Labor Code; the Family and Medical Leave Act; and, Texas Labor Code §451, Ritch has suffered lost wages and benefits and lost employment opportunities.

43. Defendant's denial of employment to Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for pecuniary losses for lost wages and benefits, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

44. Defendant intentionally inflicted extreme emotional distress upon Plaintiff by intentionally discharging Plaintiff on the basis of his disability. Plaintiff has suffered extreme emotional distress, embarrassment, severe disappointment, indignation, shame, despair, and public humiliation due to Defendant's discharge of Plaintiff.

45. Plaintiff is entitled to recover his reasonable and necessary attorney's fees and court costs pursuant to 42 U.S.C. § 2000e and 29 U.S.C. §2617.

## VI. JURY DEMAND

46. Plaintiff requests trial by jury on all claims.

## VII. PRAYER FOR RELIEF

Wherefore, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendant as follows:

    a. Judgment against Defendant for Plaintiff's actual damages, including lost wages

      and benefits (both back pay and front pay), in amount to be determined;

b.      Judgment against Defendant for Plaintiff's compensatory damages in an amount to be determined;

c.      Judgment against Defendant for liquidated damages;

d.      Pre-judgment and post-judgment interest at the maximum amount allowed by law;

e.      Costs of suit, including attorney's fees;

f.      The award of such other and further relief, both at law and in equity, including injunctive relief and reinstatement, to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
Hommel Law Firm PC
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100 Telephone/Facsimile

ATTORNEY FOR PLAINTIFF